## UNITED STATES DISTRICT COURT
## IN THE DISTRICT OF MINNESOTA

| | |
|---|---|
| James and Amanda Tjaden, on behalf of themselves and all others similarly situated,<br><br>　　Plaintiff,<br><br>v.<br><br>Brutlag, Trucke & Doherty, P.A., Spring Lake Park Lumber Co., and Perfekt, Inc.,<br><br>　　Defendants. | Civil Action No. :24-cv-01452-KMM-DJF<br><br><br>**DEFENDANT BRUTLAG, TRUCKE & DOHERTY, P.A.'S ANSWER TO PLAINTIFFS' COMPLAINT** |

Defendant Brutlag, Trucke & Doherty, P.A. ("BTD"), by and through its undersigned counsel, hereby interposes its answer to Plaintiffs' complaint (the "Complaint").

Except as hereinafter admitted, qualified, or otherwise answered, BTD denies each and every allegation contained in Plaintiffs' Complaint. BTD denies any and all liability to Plaintiff or any proffered putative class under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (the "FDCPA") or any other statute, law, or theory in this matter.

## **INTRODUCTION**

1.　　In response to Paragraph 1 of Plaintiffs' Complaint, BTD lacks sufficient information or knowledge to admit or deny the allegations and therefore denies the same.

2.      In response to Paragraph 2 of Plaintiffs' Complaint, BTD states the allegations are directed to, and better responded to by, Spring Lake Park Lumber Co. ("SLPL"). Nevertheless, BTD denies that SLPL filed an "invalid" mechanic's lien against Plaintiffs' property. To the extent the allegations are directed at BTD, BTD further denies any and all liability under the FDCPA, or any other statute, law, or theory in this matter.

3.      In response to Paragraph 3 of Plaintiffs' Complaint, BTD admits it was hired by SLPL in connection with a legal action against Plaintiffs.

4.      In response to Paragraph 4 of Plaintiffs' Complaint, BTD denies. BTD further denies any and all liability under the FDCPA, or any other statute, law, or theory in this matter.

5.      In response to Paragraph 5 of Plaintiffs' Complaint, BTD denies. BTD specifically denies any and all liability under the FDCPA, or any other statute, law, or theory in this matter. BTD further states this matter is not suitable for class treatment; Plaintiffs cannot satisfy the requite predicates of Federal Rule of Civil Procedure 23 necessary for class certification.

**JURISDICTION AND VENUE**

6.      In response to Paragraph 6 of Plaintiffs' Complaint, BTD states the allegations constitute legal conclusions, to which no response is required.

7.      In response to Paragraph 7 of Plaintiffs' Complaint, BTD states the allegations constitute legal conclusions, to which no response is required.

## PARTIES

8.    In response to Paragraph 8 of Plaintiffs' Complaint, BTD lacks sufficient information or knowledge to admit or deny Plaintiffs' residence and therefore denies the same.

9.    In response to Paragraph 9 of Plaintiffs' Complaint, BTD states the allegations constitute legal conclusions, to which no response is required denies. BTD denies any and all liability under the FDCPA, or any other statute, law, or theory in this matter.

10.    In response to Paragraph 10 of Plaintiffs' Complaint, BTD states the allegations are directed to, and better responded to by, SLPL.

11.    In response to Paragraph 11 of Plaintiffs' Complaint, BTD admits.

12.    In response to Paragraph 12 of Plaintiffs' Complaint, BTD admits only that it serves and files legal actions in Minnesota's courts. The remaining allegations constitute legal conclusions, to which no response is required.

13.    In response to Paragraph 13 of Plaintiffs' Complaint, BTD admits only that it was retained by SLPL. The remaining allegations constitute legal conclusions, to which no response is required.

14.    In response to Paragraph 14 of Plaintiffs' Complaint, BTD states the allegations are directed to, and better responded to by, Perfekt, Inc. ("Perfekt").

15.    In response to Paragraph 15 of Plaintiffs' Complaint and all subparts, BTD states the allegations are directed to, and better responded to by, Perfekt.

## FACTUAL ALLEGATIONS

### *The Tjadens Hired a General Contractor for the Construction of a New Home*

16.     In response to Paragraph 16 of Plaintiffs' Complaint, BTD lacks sufficient information or knowledge to admit or deny the allegations and therefore denies the same.

17.     In response to Paragraph 17 of Plaintiffs' Complaint, BTD lacks sufficient information or knowledge to admit or deny the allegations and therefore denies the same.

18.     In response to Paragraph 18 of Plaintiffs' Complaint, BTD states the allegations are directed to, and better responded to by, SLPL.

19.     In response to Paragraph 19 of Plaintiffs' Complaint, BTD lacks sufficient information or knowledge to admit or deny the allegations and therefore denies the same.

20.     In response to Paragraph 20 of Plaintiffs' Complaint, BTD lacks sufficient information or knowledge to admit or deny the allegations and therefore denies the same.

21.     In response to Paragraph 21 of Plaintiffs' Complaint, BTD lacks sufficient information or knowledge to admit or deny the allegations and therefore denies the same.

22.     In response to Paragraph 22 of Plaintiffs' Complaint, BTD lacks sufficient information or knowledge to admit or deny the allegations and therefore denies the same.

23.     In response to Paragraph 23 of Plaintiffs' Complaint, BTD lacks sufficient information or knowledge to admit or deny the allegations and therefore denies the same.

24.     In response to Paragraph 24 of Plaintiffs' Complaint, BTD lacks sufficient information or knowledge to admit or deny the allegations and therefore denies the same.

25.     In response to Paragraph 25 of Plaintiffs' Complaint, BTD lacks sufficient information or knowledge to admit or deny the allegations and therefore denies the same.

26.     In response to Paragraph 26 of Plaintiffs' Complaint, BTD lacks sufficient information or knowledge to admit or deny the allegations and therefore denies the same.

27.     In response to Paragraph 27 of Plaintiffs' Complaint, BTD lacks sufficient information or knowledge to admit or deny the allegations and therefore denies the same.

28.     In response to Paragraph 28 of Plaintiffs' Complaint, BTD lacks sufficient information or knowledge to admit or deny the allegations and therefore denies the same.

29.     In response to Paragraph 29 of Plaintiffs' Complaint, BTD lacks sufficient information or knowledge to admit or deny the allegations and therefore denies the same.

30.     In response to Paragraph 30 of Plaintiffs' Complaint, BTD lacks sufficient information or knowledge to admit or deny the allegations and therefore denies the same.

31.     In response to Paragraph 31 of Plaintiffs' Complaint, BTD admits only that it is aware mechanic's liens were filed against the Plaintiffs' home.

32.     In response to Paragraph 32 of Plaintiffs' Complaint, BTD lacks sufficient information or knowledge to admit or deny the allegations and therefore denies the same.

33.     In response to Paragraph 33 of Plaintiffs' Complaint, BTD lacks sufficient information or knowledge to admit or deny the allegations and therefore denies the same.

34.     In response to Paragraph 34 of Plaintiffs' Complaint, BTD lacks sufficient information or knowledge to admit or deny the allegations and therefore denies the same.

35.     In response to Paragraph 35 of Plaintiffs' Complaint, BTD lacks sufficient information or knowledge to admit or deny the allegations and therefore denies the same.

*The Tjadens Obtain a Judgment against Kohaven for its Fraud*

36.    In response to Paragraph 36 of Plaintiffs' Complaint, BTD lacks sufficient information or knowledge to admit or deny the allegations and therefore denies the same.

37.    In response to Paragraph 37 of Plaintiffs' Complaint, BTD lacks sufficient information or knowledge to admit or deny the allegations and therefore denies the same.

38.    In response to Paragraph 38 of Plaintiffs' Complaint, BTD lacks sufficient information or knowledge to admit or deny the allegations and therefore denies the same.

39.    In response to Paragraph 39 of Plaintiffs' Complaint, BTD, upon information and belief, admits.

40.    In response to Paragraph 40 of Plaintiffs' Complaint, BTD lacks sufficient information or knowledge to admit or deny the allegations and therefore denies the same.

41.    In response to Paragraph 41 of Plaintiffs' Complaint, BTD states the allegations constitute a legal conclusion, to which no response is required. To the extent a response is required, BTD lacks sufficient information or knowledge to admit or deny the allegations and therefore denies the same.

*Several Subcontractors and Suppliers Filed Invalid Mechanic's Liens Against the Tjadens' Home*

42.    In response to Paragraph 42 of Plaintiffs' Complaint, BTD lacks sufficient information or knowledge to admit or deny the allegations and therefore denies the same.

43.    In response to Paragraph 43 of Plaintiffs' Complaint, BTD denies.

44.    In response to Paragraph 44 of Plaintiffs' Complaint, BTD admits.

45.     In response to Paragraph 45 of Plaintiffs' Complaint, BTD states the allegations constitute legal conclusions, to which no response is required.

46.     In response to Paragraph 46 of Plaintiffs' Complaint, BTD, upon information and belief, admits.

47.     In response to Paragraph 47 of Plaintiffs' Complaint, BTD lacks sufficient information or knowledge to admit or deny the allegations and therefore denies the same.

48.     In response to Paragraph 48 of Plaintiffs' Complaint, BTD lacks sufficient information or knowledge to admit or deny the allegations and therefore denies the same.

49.     In response to Paragraph 49 of Plaintiffs' Complaint, BTD lacks sufficient information or knowledge to admit or deny the allegations and therefore denies the same.

50.     In response to Paragraph 50 of Plaintiffs' Complaint and all subparts, BTD states that the referenced letter speaks for itself and denies any allegation or characterization inconsistent therewith.

### *Spring Lake Lumber and Brutlag Firm Continued Collection Efforts and Filed a Foreclosure Action on the Invalid Lien in an Attempt to Collect a Debt*

51.     In response to Paragraph 51 of Plaintiffs' Complaint, BTD states the allegations constitute legal conclusions, to which no response is required. To the extent a response is required, BTD lacks sufficient information or knowledge to admit or deny the actions of other subcontractors and therefore denies the same.

52.     In response to Paragraph 52 of Plaintiffs' Complaint, BTD states the allegations constitute a legal conclusion, to which no response is required.

53.     In response to Paragraph 53 of Plaintiffs' Complaint, BTD states the allegations constitute a legal conclusion, to which no response is required.

54.     In response to Paragraph 54 of Plaintiffs' Complaint and all subparts, BTD states that the referenced email speaks for itself and denies any allegation or characterization inconsistent therewith.

55.     In response to Paragraph 55 of Plaintiffs' Complaint, BTD states that the referenced letter speaks for itself and denies any allegation or characterization inconsistent therewith.

56.     In response to Paragraph 56 of Plaintiffs' Complaint, BTD states that the referenced letter speaks for itself and denies any allegation or characterization inconsistent therewith.

57.     In response to Paragraph 57 of Plaintiffs' Complaint, BTD states that the referenced letter and email speak for themselves and denies any allegation or characterization inconsistent therewith.

58.     In response to Paragraph 58 of Plaintiffs' Complaint, BTD states the allegations constitute a legal conclusion, to which no response is required.

59.     In response to Paragraph 59 of Plaintiffs' Complaint, BTD states the referenced document speaks for itself and denies any allegation or characterization inconsistent therewith.

60.     In response to Paragraph 60 of Plaintiffs' Complaint, BTD states the allegations constitute a legal conclusion, to which no response is required.

61.    In response to Paragraph 61 of Plaintiffs' Complaint, BTD states the allegations constitute a legal conclusion, to which no response is required.

62.    In response to Paragraph 62 of Plaintiffs' Complaint, BTD states the referenced communication speaks for itself and denies any allegation or characterization inconsistent therewith.

63.    In response to Paragraph 63 of Plaintiffs' Complaint, BTD states the allegations constitute a legal conclusion, to which no response is required. To the extent a response is required, BTD denies the referenced statement was "an attempt to collect a debt."

64.    In response to Paragraph 64 of Plaintiffs' Complaint, BTD states the allegations constitute a legal conclusion, to which no response is required. To the extent a response is required, BTD denies the referenced statement was required to include a "mini-*Miranda*" warning.

65.    In response to Paragraph 65 of Plaintiffs' Complaint, BTD states that the referenced email speaks for itself and denies any allegation or characterization inconsistent therewith. BTD further states that in this email, Plaintiffs' counsel did not provide an explanation or reasoning as to why the lien was allegedly "invalid."

66.    In response to Paragraph 66 of Plaintiffs' Complaint, BTD admits.

67.    In response to Paragraph 67 of Plaintiffs' Complaint, BTD states the allegations constitute a legal conclusion, to which no response is required.

68.    In response to Paragraph 68 of Plaintiffs' Complaint, BTD states the allegations constitute a legal conclusion, to which no response is required.

69.     In response to Paragraph 69 of Plaintiffs' Complaint, BTD states the allegations constitute a legal conclusion, to which no response is required.

70.     In response to Paragraph 70 of Plaintiffs' Complaint, BTD states the referenced prohibition speaks for itself and denies any allegation or characterization inconsistent therewith.

71.     In response to Paragraph 71 of Plaintiffs' Complaint, BTD states the allegations constitute a legal conclusion, to which no response is required.

72.     In response to Paragraph 72 of Plaintiffs' Complaint, BTD states that the referenced letter speaks for itself and denies any allegation or characterization inconsistent therewith.

73.     In response to Paragraph 73 of Plaintiffs' Complaint and all subparts, BTD states that the referenced letter speaks for itself and denies any allegation or characterization inconsistent therewith. BTD does not admit to the legal conclusions contained within the letter.

74.     In response to Paragraph 74 of Plaintiffs' Complaint, BTD states that the referenced statute speaks for itself and denies any allegation or characterization inconsistent therewith.

75.     In response to Paragraph 75 of Plaintiffs' Complaint, BTD states the allegations constitute a legal conclusion, to which no response is required.

76.     In response to Paragraph 76 of Plaintiffs' Complaint, BTD denies.

77.     In response to Paragraph 77 of Plaintiffs' Complaint, BTD denies.

78.     In response to Paragraph 78 of Plaintiffs' Complaint, BTD denies. BTD further denies any and all liability under the FDCPA, or any other statute, law, or theory in this matter.

79.     In response to Paragraph 79 of Plaintiffs' Complaint, BTD denies. BTD further denies any and all liability under the FDCPA, or any other statute, law, or theory in this matter.

80.     In response to Paragraph 80 of Plaintiffs' Complaint, BTD denies. BTD further denies any and all liability under the FDCPA, or any other statute, law, or theory in this matter.

81.     In response to Paragraph 81 of Plaintiffs' Complaint, BTD denies. BTD further denies any and all liability under the FDCPA, or any other statute, law, or theory in this matter.

82.     In response to Paragraph 82 of Plaintiffs' Complaint, BTD states that the foreclosure action speaks for itself and denies any allegation or characterization inconsistent therewith.

83.     In response to Paragraph 83 of Plaintiffs' Complaint, BTD states the allegations constitute a legal conclusion, to which no response is required. To the extent a response is required, BTD denies. BTD further denies any and all liability under the FDCPA, or any other statute, law, or theory in this matter.

### *The Tjadens Suffered Damages as a Direct Result of Spring Lake Lumber, Brutlag Firm, and Perfekt's Actions and Violations*

84.     In response to Paragraph 84 of Plaintiffs' Complaint, BTD denies. BTD further denies any and all liability under the FDCPA, or any other statute, law, or theory in this matter.

85.     In response to Paragraph 85 of Plaintiffs' Complaint, BTD denies. BTD further denies any and all liability under the FDCPA, or any other statute, law, or theory in this matter.

86.     In response to Paragraph 86 of Plaintiffs' Complaint, BTD states the allegations constitute a legal conclusion, to which no response is required. To the extent a response is required, BTD denies. BTD further denies any and all liability under the FDCPA, or any other statute, law, or theory in this matter.

87.     In response to Paragraph 87 of Plaintiffs' Complaint, BTD lacks sufficient information or knowledge to admit or deny the allegations and therefore denies the same.

88.     In response to Paragraph 88 of Plaintiffs' Complaint, BTD admits generally that Plaintiffs retained an attorney.

89.     In response to Paragraph 89 of Plaintiffs' Complaint, BTD lacks sufficient information or knowledge to admit or deny the allegations and therefore denies the same.

90.     In response to Paragraph 90 of Plaintiffs' Complaint, BTD states the allegations constitute a legal conclusion, to which no response is required.

91.     In response to Paragraph 91 of Plaintiffs' Complaint, BTD states the allegations constitute a legal conclusion, to which no response is required. To the extent a

response is required, BTD denies. BTD further denies any and all liability under the FDCPA, or any other statute, law, or theory in this matter.

92.     In response to Paragraph 92 of Plaintiffs' Complaint, BTD states the allegations constitute a legal conclusion, to which no response is required. To the extent a response is required, BTD denies. BTD further denies any and all liability under the FDCPA, or any other statute, law, or theory in this matter.

93.     In response to Paragraph 93 of Plaintiffs' Complaint, BTD states the allegations constitute a legal conclusion, to which no response is required. To the extent a response is required, BTD denies. BTD further denies any and all liability under the FDCPA, or any other statute, law, or theory in this matter.

94.     In response to Paragraph 94 of Plaintiffs' Complaint, BTD states the allegations constitute a legal conclusion, to which no response is required. To the extent a response is required, BTD denies. BTD further denies any and all liability under the FDCPA, or any other statute, law, or theory in this matter.

95.     In response to Paragraph 95 of Plaintiffs' Complaint, BTD denies. BTD further denies any and all liability under the FDCPA, or any other statute, law, or theory in this matter.

96.     In response to Paragraph 96 of Plaintiffs' Complaint, BTD states the allegations constitute a legal conclusion, to which no response is required. To the extent a response is required, BTD denies. BTD further denies any and all liability under the FDCPA, or any other statute, law, or theory in this matter.

97.    In response to Paragraph 97 of Plaintiffs' Complaint, BTD admits only that it sent communications to Plaintiffs. BTD denies the remaining allegations. BTD further denies any and all liability under the FDCPA, or any other statute, law, or theory in this matter.

98.    In response to Paragraph 98 of Plaintiffs' Complaint, BTD lacks sufficient information or knowledge to admit or deny the allegations and therefore denies the same.

99.    In response to Paragraph 99 of Plaintiffs' Complaint, BTD lacks sufficient information or knowledge to admit or deny the allegations and therefore denies the same.

100.    In response to Paragraph 100 of Plaintiffs' Complaint, BTD denies. BTD further denies any and all liability under the FDCPA, or any other statute, law, or theory in this matter.

101.    In response to Paragraph 101 of Plaintiffs' Complaint, BTD admits only that it dismissed the referenced lawsuit on November 15, 2023. BTD denies the remaining allegations. BTD further denies any and all liability under the FDCPA, or any other statute, law, or theory in this matter

## TRIAL BY JURY

102.    In response to Paragraph 102 of Plaintiffs' Complaint, BTD acknowledges Plaintiffs' request for a trial.

## CLASS ALLEGATIONS

103.    In response to Paragraph 103 of Plaintiffs' Complaint, BTD denies this matter is suitable for class treatment, that Plaintiffs are suitable class representatives, or

that Plaintiffs can satisfy the requite predicates of Federal Rule of Civil Procedure 23 necessary for class certification.

104.    In response to Paragraph 104 of Plaintiffs' Complaint and all subparts, BTD states the allegations are directed to, and better responded to by, Perfekt. To the extent a response is required from BTD, BTD denies this matter is suitable for class treatment, that Plaintiffs are suitable class representatives, or that Plaintiffs can satisfy the requite predicates of Federal Rule of Civil Procedure 23 necessary for class certification.

105.    In response to Paragraph 105 of Plaintiffs' Complaint and all subparts, BTD states the allegations are directed to, and better responded to by, Perfekt. To the extent a response is required from BTD, BTD denies this matter is suitable for class treatment, that Plaintiffs are suitable class representatives, or that Plaintiffs can satisfy the requite predicates of Federal Rule of Civil Procedure 23 necessary for class certification.

106.    In response to Paragraph 106 of Plaintiffs' Complaint and all subparts, BTD denies this matter is suitable for class treatment, that Plaintiffs are suitable class representatives, or that Plaintiffs can satisfy the requite predicates of Federal Rule of Civil Procedure 23 necessary for class certification.

107.    In response to Paragraph 107 of Plaintiffs' Complaint, BTD denies. BTD further denies this matter is suitable for class treatment, that Plaintiffs are suitable class representatives, or that Plaintiffs can satisfy the requite predicates of Federal Rule of Civil Procedure 23 necessary for class certification.

108.    In response to Paragraph 108 of Plaintiffs' Complaint, BTD states the allegations are directed to, and better responded to by, Perfekt.

109.     In response to Paragraph 109 of Plaintiffs' Complaint, BTD denies. BTD denies any and all liability under the FDCPA, or any other statute, law, or theory in this matter. BTD further denies this matter is suitable for class treatment, that Plaintiffs are suitable class representatives, or that Plaintiffs can satisfy the requite predicates of Federal Rule of Civil Procedure 23 necessary for class certification.

110.     In response to Paragraph 110 of Plaintiffs' Complaint, BTD denies. BTD denies any and all liability under the FDCPA, or any other statute, law, or theory in this matter. BTD further denies this matter is suitable for class treatment, that Plaintiffs are suitable class representatives, or that Plaintiffs can satisfy the requite predicates of Federal Rule of Civil Procedure 23 necessary for class certification.

111.     In response to Paragraph 111 of Plaintiffs' Complaint, BTD denies. BTD denies any and all liability under the FDCPA, or any other statute, law, or theory in this matter. BTD further denies this matter is suitable for class treatment, that Plaintiffs are suitable class representatives, or that Plaintiffs can satisfy the requite predicates of Federal Rule of Civil Procedure 23 necessary for class certification.

112.     In response to Paragraph 112 of Plaintiffs' Complaint, BTD denies. BTD denies any and all liability under the FDCPA, or any other statute, law, or theory in this matter. BTD further denies this matter is suitable for class treatment, that Plaintiffs are suitable class representatives, or that Plaintiffs can satisfy the requite predicates of Federal Rule of Civil Procedure 23 necessary for class certification.

113.     In response to Paragraph 113 of Plaintiffs' Complaint, BTD denies. BTD denies any and all liability under the FDCPA, or any other statute, law, or theory in this

matter. BTD further denies this matter is suitable for class treatment, that Plaintiffs are suitable class representatives, or that Plaintiffs can satisfy the requite predicates of Federal Rule of Civil Procedure 23 necessary for class certification.

114.    In response to Paragraph 114 of Plaintiffs' Complaint, BTD denies. BTD denies any and all liability under the FDCPA, or any other statute, law, or theory in this matter. BTD further denies this matter is suitable for class treatment, that Plaintiffs are suitable class representatives, Plaintiffs' counsel are not suitable class counsel, or that Plaintiffs can satisfy the requite predicates of Federal Rule of Civil Procedure 23 necessary for class certification.

115.    In response to Paragraph 115 of Plaintiffs' Complaint, BTD denies. BTD denies any and all liability under the FDCPA, or any other statute, law, or theory in this matter. BTD further denies this matter is suitable for class treatment, that Plaintiffs are suitable class representatives, or that Plaintiffs can satisfy the requite predicates of Federal Rule of Civil Procedure 23 necessary for class certification.

116.    In response to Paragraph 116 of Plaintiffs' Complaint, BTD denies. BTD denies any and all liability under the FDCPA, or any other statute, law, or theory in this matter. BTD further denies this matter is suitable for class treatment, that Plaintiffs are suitable class representatives, or that Plaintiffs can satisfy the requite predicates of Federal Rule of Civil Procedure 23 necessary for class certification.

117.    In response to Paragraph 117 of Plaintiffs' Complaint, BTD denies. BTD denies any and all liability under the FDCPA, or any other statute, law, or theory in this matter. BTD further denies this matter is suitable for class treatment, that Plaintiffs are

suitable class representatives, or that Plaintiffs can satisfy the requite predicates of Federal Rule of Civil Procedure 23 necessary for class certification.

118.    In response to Paragraph 118 of Plaintiffs' Complaint, BTD denies. BTD denies any and all liability under the FDCPA, or any other statute, law, or theory in this matter. BTD further denies this matter is suitable for class treatment, that Plaintiffs are suitable class representatives, or that Plaintiffs can satisfy the requite predicates of Federal Rule of Civil Procedure 23 necessary for class certification.

## CAUSES OF ACTION

### COUNT I
**Violation of the Fair Debt Collection Practices Act**
**15 U.S.C. § 1692** *et seq.*
**(Brutlag, Trucke & Doherty, P.A. and Perfekt, Inc.)**

119.    In response to Paragraph 119 of Plaintiffs' Complaint, BTD incorporates each preceding paragraph as though stated fully herein and incorporates same by reference.

120.    In response to Paragraph 120 of Plaintiffs' Complaint, BTD lacks sufficient information or knowledge to admit or deny the allegations and therefore denies the same.

121.    In response to Paragraph 121 of Plaintiffs' Complaint, BTD admits it had no contractual relationship with Plaintiffs. BTD lacks sufficient information or knowledge to admit or deny the remaining allegations and therefore denies the same.

122.    In response to Paragraph 122 of Plaintiffs' Complaint, BTD states the allegations constitute a legal conclusion, to which no response is required.

123.    In response to Paragraph 123 of Plaintiffs' Complaint, BTD states the allegations constitute a legal conclusion, to which no response is required.

124.    In response to Paragraph 124 of Plaintiffs' Complaint, BTD admits only that it was hired by SLPL in connection with a legal action against Plaintiffs.

125.    In response to Paragraph 125 of Plaintiffs' Complaint, BTD states the allegations constitute a legal conclusion, to which no response is required.

126.    In response to Paragraph 126 of Plaintiffs' Complaint, BTD states the allegations are directed to, and better responded to by, Perfekt.

127.    In response to Paragraph 127 of Plaintiffs' Complaint and all subparts, BTD states the allegations constitute a legal conclusion, to which no response is required. To the extent a response is required, BTD denies. BTD further denies any and all liability under the FDCPA, or any other statute, law, or theory in this matter.

128.    In response to Paragraph 128 of Plaintiffs' Complaint, BTD states the allegations constitute a legal conclusion, to which no response is required. To the extent a response is required, BTD denies. BTD further denies any and all liability under the FDCPA, or any other statute, law, or theory in this matter.

129.    In response to Paragraph 129 of Plaintiffs' Complaint, BTD states the allegations constitute a legal conclusion, to which no response is required. To the extent a response is required, BTD denies. BTD further denies any and all liability under the FDCPA, or any other statute, law, or theory in this matter.

130.    In response to Paragraph 130 of Plaintiffs' Complaint, BTD states the allegations constitute a legal conclusion, to which no response is required. To the extent a

response is required, BTD denies. BTD further denies any and all liability under the FDCPA, or any other statute, law, or theory in this matter.

131.    In response to Paragraph 131 of Plaintiffs' Complaint, BTD states the allegations constitute a legal conclusion, to which no response is required. To the extent a response is required, BTD denies. BTD further denies any and all liability under the FDCPA, or any other statute, law, or theory in this matter.

132.    In response to Paragraph 132 of Plaintiffs' Complaint, BTD states that the referenced letter and email speak for themselves and denies any allegation or characterization inconsistent therewith. Any remaining allegations constitute a legal conclusion, to which no response is required.

133.    In response to Paragraph 133 of Plaintiffs' Complaint, BTD states the allegations are directed to, and better responded to by, Perfekt.

134.    In response to Paragraph 134 of Plaintiffs' Complaint, BTD states the allegations are directed to, and better responded to by, Perfekt.

135.    In response to Paragraph 135 of Plaintiffs' Complaint, BTD admits.

136.    In response to Paragraph 136 of Plaintiffs' Complaint, BTD states the allegations constitute a legal conclusion, to which no response is required.

137.    In response to Paragraph 137 of Plaintiffs' Complaint, BTD states the allegations constitute a legal conclusion, to which no response is required.

138.    In response to Paragraph 138 of Plaintiffs' Complaint, BTD states the allegations constitute a legal conclusion, to which no response is required.

139.    In response to Paragraph 139 of Plaintiffs' Complaint, BTD states the allegations constitute a legal conclusion, to which no response is required.

140.    In response to Paragraph 140 of Plaintiffs' Complaint, BTD states the allegations constitute a legal conclusion, to which no response is required.

141.    In response to Paragraph 141 of Plaintiffs' Complaint, BTD states the allegations constitute a legal conclusion, to which no response is required. To the extent a response is required, BTD denies. BTD further denies any and all liability under the FDCPA, or any other statute, law, or theory in this matter.

142.    In response to Paragraph 142 of Plaintiffs' Complaint, BTD states the allegations constitute a legal conclusion, to which no response is required. To the extent a response is required, BTD denies. BTD further denies any and all liability under the FDCPA, or any other statute, law, or theory in this matter.

143.    In response to Paragraph 143 of Plaintiffs' Complaint, BTD states the allegations constitute a legal conclusion, to which no response is required. To the extent a response is required, BTD denies. BTD further denies any and all liability under the FDCPA, or any other statute, law, or theory in this matter.

144.    In response to Paragraph 144 of Plaintiffs' Complaint, BTD states the allegations constitute a legal conclusion, to which no response is required. To the extent a response is required, BTD denies. BTD further denies any and all liability under the FDCPA, or any other statute, law, or theory in this matter.

145.    In response to Paragraph 145 of Plaintiffs' Complaint, BTD states the allegations constitute a legal conclusion, to which no response is required. To the extent a

response is required, BTD denies. BTD further denies any and all liability under the FDCPA, or any other statute, law, or theory in this matter.

146.    In response to Paragraph 146 of Plaintiffs' Complaint, BTD states the allegations constitute a legal conclusion, to which no response is required. To the extent a response is required, BTD denies. BTD further denies any and all liability under the FDCPA, or any other statute, law, or theory in this matter.

147.    In response to Paragraph 147 of Plaintiffs' Complaint, BTD states the allegations constitute a legal conclusion, to which no response is required. To the extent a response is required, BTD denies. BTD further denies any and all liability under the FDCPA, or any other statute, law, or theory in this matter.

148.    In response to Paragraph 148 of Plaintiffs' Complaint, BTD states the allegations constitute a legal conclusion, to which no response is required. To the extent a response is required, BTD denies. BTD further denies any and all liability under the FDCPA, or any other statute, law, or theory in this matter.

### COUNT II
**Violation of the Minnesota Uniform Deceptive Tade Practices Act,**
**Minn. Stat. § 325D.43,** *et seq.*
**(Brutlag, Trucke & Doherty, P.A., Spring Lake Park Lumber Co., and Perfekt,**
**Inc.)**

149.    In response to Paragraph 149 of Plaintiffs' Complaint, BTD incorporates each preceding paragraph as though stated fully herein and incorporates same by reference.

150.    In response to Paragraph 150 of Plaintiffs' Complaint, BTD states the allegations constitute a legal conclusion, to which no response is required. To the extent a

response is required, BTD denies. BTD further denies any and all liability under the Minnesota Uniform Deceptive Trade Practices Act, or any other statute, law, or theory in this matter.

151.    In response to Paragraph 151 of Plaintiffs' Complaint, BTD states the allegations constitute a legal conclusion, to which no response is required. To the extent a response is required, BTD denies. BTD further denies any and all liability under the Minnesota Uniform Deceptive Trade Practices Act, or any other statute, law, or theory in this matter.

152.    In response to Paragraph 152 of Plaintiffs' Complaint, BTD states the allegations constitute a legal conclusion, to which no response is required. To the extent a response is required, BTD denies. BTD further denies any and all liability under the Minnesota Uniform Deceptive Trade Practices Act, or any other statute, law, or theory in this matter.

153.    In response to Paragraph 153 of Plaintiffs' Complaint and all subparts, BTD states the allegation constitutes a legal conclusion, to which no response is required. To the extent a response is required, BTD denies. BTD further denies any and all liability under the Minnesota Uniform Deceptive Trade Practices Act, or any other statute, law, or theory in this matter.

154.    In response to Paragraph 154 of Plaintiffs' Complaint, BTD denies. BTD further denies any and all liability under the Minnesota Uniform Deceptive Trade Practices Act, or any other statute, law, or theory in this matter.

155.     In response to Paragraph 155 of Plaintiffs' Complaint, BTD denies. BTD further denies any and all liability under the Minnesota Uniform Deceptive Trade Practices Act, or any other statute, law, or theory in this matter.

156.     In response to Paragraph 156 of Plaintiffs' Complaint, BTD denies. BTD further denies any and all liability under the Minnesota Uniform Deceptive Trade Practices Act, or any other statute, law, or theory in this matter.

157.     In response to Paragraph 157 of Plaintiffs' Complaint, BTD denies. BTD further denies any and all liability under the Minnesota Uniform Deceptive Trade Practices Act, or any other statute, law, or theory in this matter.

158.     In response to Paragraph 158 of Plaintiffs' Complaint, BTD denies. BTD further denies any and all liability under the Minnesota Uniform Deceptive Trade Practices Act, or any other statute, law, or theory in this matter.

159.     In response to Paragraph 159 of Plaintiffs' Complaint, BTD denies. BTD further denies any and all liability under the Minnesota Uniform Deceptive Trade Practices Act, or any other statute, law, or theory in this matter.

160.     In response to Paragraph 160 of Plaintiffs' Complaint, BTD states that the allegations constitute a legal conclusion, to which no response is required.

161.     In response to Paragraph 161 of Plaintiffs' Complaint, BTD denies. BTD further denies any and all liability under the Minnesota Uniform Deceptive Trade Practices Act, or any other statute, law, or theory in this matter.

162.     In response to Paragraph 162 of Plaintiffs' Complaint, BTD states that the allegations constitute a legal conclusion, to which no response is required.

163.    In response to Paragraph 163 of Plaintiffs' Complaint, BTD denies. BTD further denies any and all liability under the Minnesota Uniform Deceptive Trade Practices Act, or any other statute, law, or theory in this matter.

## COUNT III
### Violation of the Minnesota Consumer Fraud Act,
### Minn. Stat. § 325F.68, *et seq.*
### (Brutlag, Trucke & Doherty, P.A., Spring Lake Park Lumber Co., and Perfekt, Inc.)

164.    In response to Paragraph 164 of Plaintiffs' Complaint, BTD incorporates each preceding paragraph as though stated fully herein and incorporates same by reference.

165.    In response to Paragraph 165 of Plaintiffs' Complaint, BTD states that the allegations constitute a legal conclusion, to which no response is required.

166.    In response to Paragraph 166 of Plaintiffs' Complaint, BTD states that the allegations constitute a legal conclusion, to which no response is required.

167.    In response to Paragraph 167 of Plaintiffs' Complaint, BTD states the allegation constitutes a legal conclusion, to which no response is required.

168.    In response to Paragraph 168 of Plaintiffs' Complaint, BTD states the allegation constitutes a legal conclusion, to which no response is required.

169.    In response to Paragraph 169 of Plaintiffs' Complaint, BTD states the allegation constitutes a legal conclusion, to which no response is required. To the extent a response is required, BTD denies. BTD further denies any and all liability under the Minnesota Consumer Fraud Act ("Minnesota CFA"), or any other statute, law, or theory in this matter.

170.    In response to Paragraph 170 of Plaintiffs' Complaint, BTD states the allegation constitutes a legal conclusion, to which no response is required. To the extent a response is required, BTD denies. BTD further denies any and all liability under the Minnesota CFA, or any other statute, law, or theory in this matter.

171.    In response to Paragraph 171 of Plaintiffs' Complaint, BTD states the allegation constitutes a legal conclusion, to which no response is required.

172.    In response to Paragraph 172 of Plaintiffs' Complaint, BTD states the allegation constitutes a legal conclusion, to which no response is required.

173.    In response to Second Paragraph 52 of Plaintiffs' Complaint, BTD states the allegation constitutes a legal conclusion, to which no response is required. To the extent a response is required, BTD denies. BTD further denies any and all liability under the Minnesota CFA, or any other statute, law, or theory in this matter.

174.    In response to Paragraph 173 of Plaintiffs' Complaint, BTD denies. BTD further denies any and all liability under the Minnesota CFA, or any other statute, law, or theory in this matter.

175.    In response to Paragraph 174 of Plaintiffs' Complaint, BTD denies. BTD further denies any and all liability under the Minnesota CFA, or any other statute, law, or theory in this matter.

176.    In response to Paragraph 175 of Plaintiffs' Complaint, BTD denies. BTD further denies any and all liability under the Minnesota CFA, or any other statute, law, or theory in this matter.

177.    In response to Paragraph 176 of Plaintiffs' Complaint, BTD denies. BTD further denies any and all liability under the Minnesota CFA, or any other statute, law, or theory in this matter.

## COUNT IV
## Malicious Prosecution
### (Brutlag, Trucke & Doherty, P.A., Spring Lake Park Lumber Co., and Perfekt, Inc.)

178.    In response to Paragraph 177 of Plaintiffs' Complaint, BTD incorporates each preceding paragraph as though stated fully herein and incorporates same by reference.

179.    In response to Paragraph 178 of Plaintiffs' Complaint, BTD states the allegation constitutes a legal conclusion, to which no response is required.

180.    In response to Paragraph 179 of Plaintiffs' Complaint, BTD states the allegation constitutes a legal conclusion, to which no response is required.

181.    In response to Paragraph 180 of Plaintiffs' Complaint, BTD states the allegation constitutes a legal conclusion, to which no response is required. To the extent a response is required, BTD denies. BTD further denies any and all liability for malicious prosecution, or any other statute, law, or theory in this matter.

182.    In response to Paragraph 181 of Plaintiffs' Complaint, BTD states the allegation constitutes a legal conclusion, to which no response is required. To the extent a response is required, BTD denies. BTD further denies any and all liability for malicious prosecution, or any other statute, law, or theory in this matter.

183.    In response to Paragraph 182 of Plaintiffs' Complaint, BTD states the allegation constitutes a legal conclusion, to which no response is required. To the extent a response is required, BTD denies. BTD further denies any and all liability for malicious prosecution, or any other statute, law, or theory in this matter.

184.    In response to Paragraph 183 of Plaintiffs' Complaint, BTD states the allegation constitutes a legal conclusion, to which no response is required. To the extent a response is required, BTD denies. BTD further denies any and all liability for malicious prosecution, or any other statute, law, or theory in this matter.

185.    In response to Paragraph 184 of Plaintiffs' Complaint, BTD states the allegation constitutes a legal conclusion, to which no response is required. To the extent a response is required, BTD denies. BTD further denies any and all liability for malicious prosecution, or any other statute, law, or theory in this matter.

186.    In response to Paragraph 185 of Plaintiffs' Complaint, BTD states the allegation constitutes a legal conclusion, to which no response is required. To the extent a response is required, BTD denies. BTD further denies any and all liability for malicious prosecution, or any other statute, law, or theory in this matter.

187.    In response to Paragraph 186 of Plaintiffs' Complaint, BTD states the allegation constitutes a legal conclusion, to which no response is required. To the extent a response is required, BTD denies. BTD further denies any and all liability for malicious prosecution, or any other statute, law, or theory in this matter.

188.    In response to Paragraph 187 of Plaintiffs' Complaint, BTD states the allegation constitutes a legal conclusion, to which no response is required. To the extent a

response is required, BTD denies. BTD further denies any and all liability for malicious prosecution, or any other statute, law, or theory in this matter.

**COUNT V**
**Fraud/Intentional Misrepresentation**
**(Brutlag, Trucke & Doherty, P.A., Spring Lake Park Lumber Co., and Perfekt, Inc.)**

189.    In response to Paragraph 188 of Plaintiffs' Complaint, BTD incorporates each preceding paragraph as though stated fully herein and incorporates same by reference.

190.    In response to Paragraph 189 of Plaintiffs' Complaint, BTD states the allegation constitutes a legal conclusion, to which no response is required.

191.    In response to Paragraph 190 of Plaintiffs' Complaint, BTD states the allegation constitutes a legal conclusion, to which no response is required. To the extent a response is required, BTD denies. BTD further denies any and all liability for fraud or intentional misrepresentation, or any other statute, law, or theory in this matter.

192.    In response to Paragraph 191 of Plaintiffs' Complaint, BTD states the allegation constitutes a legal conclusion, to which no response is required. To the extent a response is required, BTD denies. BTD further denies any and all liability for fraud or intentional misrepresentation, or any other statute, law, or theory in this matter.

193.    In response to Paragraph 192 of Plaintiffs' Complaint, BTD states the allegation constitutes a legal conclusion, to which no response is required. To the extent a response is required, BTD denies. BTD further denies any and all liability for fraud or intentional misrepresentation, or any other statute, law, or theory in this matter.

194.    In response to Paragraph 193 of Plaintiffs' Complaint, BTD states the allegation constitutes a legal conclusion, to which no response is required. To the extent a response is required, BTD denies. BTD further denies any and all liability for fraud or intentional misrepresentation, or any other statute, law, or theory in this matter.

195.    In response to Paragraph 194 of Plaintiffs' Complaint, BTD states the allegation constitutes a legal conclusion, to which no response is required. To the extent a response is required, BTD denies. BTD further denies any and all liability for fraud or intentional misrepresentation, or any other statute, law, or theory in this matter.

196.    In response to Paragraph 195 of Plaintiffs' Complaint, BTD states the allegation constitutes a legal conclusion, to which no response is required. To the extent a response is required, BTD denies. BTD further denies any and all liability for fraud or intentional misrepresentation, or any other statute, law, or theory in this matter.

197.    In response to Paragraph 196 of Plaintiffs' Complaint, BTD states the allegation constitutes a legal conclusion, to which no response is required. To the extent a response is required, BTD denies. BTD further denies any and all liability for fraud or intentional misrepresentation, or any other statute, law, or theory in this matter.

198.    In response to Paragraph 197 of Plaintiffs' Complaint, BTD states the allegation constitutes a legal conclusion, to which no response is required. To the extent a response is required, BTD denies. BTD further denies any and all liability for fraud or intentional misrepresentation, or any other statute, law, or theory in this matter.

199.    In response to Paragraph 198 of Plaintiffs' Complaint, BTD states the allegation constitutes a legal conclusion, to which no response is required. To the extent a

response is required, BTD denies. BTD further denies any and all liability for fraud or intentional misrepresentation, or any other statute, law, or theory in this matter.

200.    In response to Paragraph 199 of Plaintiffs' Complaint, BTD states the allegation constitutes a legal conclusion, to which no response is required. To the extent a response is required, BTD denies. BTD further denies any and all liability for fraud or intentional misrepresentation, or any other statute, law, or theory in this matter.

201.    In response to Paragraph 200 of Plaintiffs' Complaint, BTD states the allegation constitutes a legal conclusion, to which no response is required. To the extent a response is required, BTD denies. BTD further denies any and all liability for fraud or intentional misrepresentation, or any other statute, law, or theory in this matter.

202.    In response to Paragraph 201 of Plaintiffs' Complaint, BTD states the allegation constitutes a legal conclusion, to which no response is required. To the extent a response is required, BTD denies. BTD further denies any and all liability for fraud or intentional misrepresentation, or any other statute, law, or theory in this matter.

203.    In response to Paragraph 202 of Plaintiffs' Complaint, BTD states the allegation constitutes a legal conclusion, to which no response is required. To the extent a response is required, BTD denies. BTD further denies any and all liability for fraud or intentional misrepresentation, or any other statute, law, or theory in this matter.

## COUNT VI
## Negligent Misrepresentation
## (Brutlag, Trucke & Doherty, P.A., Spring Lake Park Lumber Co., and Perfekt, Inc.)

204.    In response to Paragraph 203 of Plaintiffs' Complaint, BTD incorporates each preceding paragraph as though stated fully herein and incorporates same by reference.

205.    In response to Paragraph 204 of Plaintiffs' Complaint, BTD states the allegation constitutes a legal conclusion, to which no response is required.

206.    In response to Paragraph 205 of Plaintiffs' Complaint, BTD states the allegations are directed to, and better responded to by, SLPL.

207.    In response to Paragraph 206 of Plaintiffs' Complaint, BTD states the allegation constitutes a legal conclusion, to which no response is required. To the extent a response is required, BTD denies. BTD further denies any and all liability for negligent misrepresentation, or any other statute, law, or theory in this matter.

208.    In response to Paragraph 207 of Plaintiffs' Complaint, BTD states the allegation constitutes a legal conclusion, to which no response is required. To the extent a response is required, BTD denies. BTD further denies any and all liability for negligent misrepresentation, or any other statute, law, or theory in this matter.

209.    In response to Paragraph 208 of Plaintiffs' Complaint, BTD states the allegation constitutes a legal conclusion, to which no response is required. To the extent a response is required, BTD denies. BTD further denies any and all liability for negligent misrepresentation, or any other statute, law, or theory in this matter.

210.    In response to Paragraph 209 of Plaintiffs' Complaint, BTD states the allegation constitutes a legal conclusion, to which no response is required. To the extent a response is required, BTD denies. BTD further denies any and all liability for negligent misrepresentation, or any other statute, law, or theory in this matter.

211.    In response to Paragraph 210 of Plaintiffs' Complaint, BTD states the allegation constitutes a legal conclusion, to which no response is required. To the extent a response is required, BTD denies. BTD further denies any and all liability for negligent misrepresentation, or any other statute, law, or theory in this matter.

212.    In response to Paragraph 211 of Plaintiffs' Complaint, BTD states the allegation constitutes a legal conclusion, to which no response is required. To the extent a response is required, BTD denies. BTD further denies any and all liability for negligent misrepresentation, or any other statute, law, or theory in this matter.

213.    In response to Paragraph 212 of Plaintiffs' Complaint, BTD states the allegation constitutes a legal conclusion, to which no response is required. To the extent a response is required, BTD denies. BTD further denies any and all liability for negligent misrepresentation, or any other statute, law, or theory in this matter.

214.    In response to Paragraph 213 of Plaintiffs' Complaint, BTD states the allegation constitutes a legal conclusion, to which no response is required. To the extent a response is required, BTD denies. BTD further denies any and all liability for negligent misrepresentation, or any other statute, law, or theory in this matter.

215.    In response to Paragraph 214 of Plaintiffs' Complaint, BTD states the allegation constitutes a legal conclusion, to which no response is required. To the extent a

response is required, BTD denies. BTD further denies any and all liability for negligent misrepresentation, or any other statute, law, or theory in this matter.

216.     In response to Paragraph 215 of Plaintiffs' Complaint, BTD states the allegation constitutes a legal conclusion, to which no response is required. To the extent a response is required, BTD denies. BTD further denies any and all liability for negligent misrepresentation, or any other statute, law, or theory in this matter.

## COUNT VII
### Slander of Title
### (Brutlag, Trucke & Doherty, P.A., Spring Lake Park Lumber Co., and Perfekt, Inc.)

217.     In response to Paragraph 216 of Plaintiffs' Complaint, BTD incorporates each preceding paragraph as though stated fully herein and incorporates same by reference.

218.     In response to Paragraph 217 of Plaintiffs' Complaint and all subparts, BTD denies making any "false statements." BTD further denies any and all liability for slander of title, or any other statute, law, or theory in this matter.

219.     In response to Paragraph 218 of Plaintiffs' Complaint, BTD denies publishing any "false" statements. BTD further denies any and all liability for slander of title, or any other statute, law, or theory in this matter.

220.     In response to Paragraph 219 of Plaintiffs' Complaint, BTD denies. BTD further denies any and all liability for slander of title, or any other statute, law, or theory in this matter.

221.    In response to Paragraph 220 of Plaintiffs' Complaint and all subparts, BTD states the allegation constitutes a legal conclusion, to which no response is required. To the extent a response is required, BTD denies. BTD further denies any and all liability for slander of title, or any other statute, law, or theory in this matter.

222.    In response to Paragraph 221 of Plaintiffs' Complaint, BTD denies publishing any "false" statements. BTD further denies any and all liability for slander of title, or any other statute, law, or theory in this matter.

223.    In response to Paragraph 222 of Plaintiffs' Complaint, BTD states the allegation constitutes a legal conclusion, to which no response is required. To the extent a response is required, BTD denies. BTD further denies any and all liability for slander of title, or any other statute, law, or theory in this matter.

224.    In response to Paragraph 223 of Plaintiffs' Complaint, BTD denies publishing any "false" statements. BTD further denies any and all liability for slander of title, or any other statute, law, or theory in this matter.

225.    In response to Paragraph 224 of Plaintiffs' Complaint, BTD denies publishing any "false" statements. BTD further denies any and all liability for slander of title, or any other statute, law, or theory in this matter.

## REQUEST FOR RELIEF

226.    In response to Plaintiffs' request for relief, including each subpart, Paragraph 225 of Plaintiffs' Complaint, BTD denies that Plaintiffs or any proffered putative class are entitled to any relief requested therein. BTD further denies any and all liability under the FDCPA, Minnesota Uniform Deceptive Trade Practices Act,

Minnesota CFA, malicious prosecution, fraud or intentional misrepresentation, negligent misrepresentation, slander of title, or any other statute, law, or theory in this matter.

## ADDITIONAL DEFENSES

227.    BTD alleges that Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

228.    BTD alleges Plaintiffs' claims may be barred by the applicable statute of limitations and/or the doctrine of laches.

229.    BTD alleges that Plaintiffs have not suffered any damages.

230.    BTD alleges that, to the extent Plaintiffs have suffered any damages, which is denied, they were caused by Plaintiffs and/or parties over which BTD has not control.

231.    BTD alleges that it acted at all times in good faith and in compliance with the requirements of the FDCPA.

232.    BTD alleges that, to the extent any claimed failure to comply with the FDCPA occurred (which is denied), such occurred as the result of an unintentional, bona fide error, notwithstanding BTD's maintenance of policies and procedures designed to avoid such error.

233.    BTD alleges that Plaintiff cannot establish or prove any of the predicates necessary for class certification under Federal Rule 23, including: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation, as well as the "ascertainability," "definite," and "predominance" requirements. Specifically, Plaintiffs have failed to adequately identify a class; has failed to demonstrate that the class is so numerous that joinder is impracticable; has failed to show the existence of common

questions of law or fact; has failed to show how claims and defenses of Plaintiffs are typical of claims and defenses of the class; and has failed to show that Plaintiffs, or Plaintiffs' counsel, will fairly and adequately represent the interests of the class. Furthermore, Plaintiffs have failed to demonstrate ascertainability or predominance of common issues over individualized injuries.

234.   BTD reserves the right to assert additional defenses as discovery and investigation continues.

Respectfully submitted,

**BASSFORD REMELE**
*A Professional Association*

Dated:  June 6, 2024

By s/ *Patrick D. Newman*
Patrick D. Newman (# 395864)
Kiralyn J. Locke (# 403653)
100 South Fifth Street, Suite 1500
Minneapolis, Minnesota  55402-3707
Phone:  (612) 333-3000
Fax:  (612) 333-8829
Email: pnewman@bassford.com
         klocke@bassford.com

*Attorneys for Brutlag, Trucke & Doherty, P.A.*