## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| James and Amanda Tjaden, on behalf of themselves and all others similarly situated, | Civil Action No. :24-cv-01452-KMM-DJF |
| Plaintiff, | |
| v. | **DEFENDANT BRUTLAG, TRUCKE & DOHERTY, P.A.'S MEMORANDUM IN SUPPORT OF MOTION TO STAY DISCOVERY** |
| Brutlag, Trucke & Doherty, P.A., Spring Lake Park Lumber Co., and Perfekt, Inc., | |
| Defendants. | |

### Introduction

Plaintiffs James and Amanda Tjaden brought this action against Defendant Brutlag, Trucke & Doherty, P.A. ("BTD"), alleging that BTD failed to comply with the Fair Debt Collection Practices Act (the "FDCPA"), as well as other various statutes and common law principles, based on BTD's attempt to enforce a security interest against the Plaintiffs.

BTD has moved to strike Plaintiffs' class allegations because, on the face of the Complaint, Plaintiffs fail to satisfy the necessary requirements for class certification pursuant to Federal Rule of Civil Procedure 23. BTD has simultaneously interposed an answer.

In the interest of preserving party and Court resources, BTD respectfully requests the Court stay entry of a pretrial order, as well as the start of discovery or any other deadlines, pending the Court's ruling on BTD's motion to strike the class allegations.

1

**Relevant Background**

On January 25, 2022, Plaintiffs entered into a contract to purchase land from Renovation Concepts LLC, dba Kohaven ("Kohaven"). [Doc. No. 1. at ¶ 16.] Through a separate contract, Plaintiffs hired Kohaven to build a single-family home on their land. [*Id.* at ¶ 17.] Plaintiffs' paid Kohaven the full amount owed under the contract. [*Id.* at ¶ 40.]

To complete the construction of Plaintiffs' home, Kohaven subcontracted with Spring Lake Park Lumber ("SLPL") to provide labor, skill, material, and/or machinery. [*Id.* at ¶ 18.] SLPL completed work on the home and was owed $16,701.94 for the work provided. [*Id.* at ¶ 44.] Unfortunately, Kohaven did not pay all of its subcontractors. [*Id.* at ¶ 32.] As of June 27, 2023, Kohaven represented that it owed thirteen subcontractors a total of $195,378.17. [*Id.* at ¶ 32.]

On July 18, SLPL filed a mechanic's lien against Plaintiffs' home in the amount of $16,701.94. [*Id.* at ¶ 44.] On August 29, BTD (as counsel for SLPL) sent a letter to Plaintiffs' counsel. [*Id.* at ¶ 55.] The letter notified Plaintiffs' counsel that SLPL had a valid mechanic's lien against the home and would foreclose upon the lien if they were unable to reach a resolution. [*Id.* at ¶ 56.] This letter did not include the "mini-*Miranda*" disclosure contemplated by 15 U.S.C. § 1692(g). [*Id.* at ¶ 54.]

Plaintiffs did not communicate a settlement offer to BTD or SLPL. [Doc. No. 1. at ¶ 65.] Thus, on October 25, SLPL initiated a foreclosure action against Plaintiffs. [*Id.* at ¶ 66.] After further communication with Plaintiffs' counsel, BTD dismissed the foreclosure action against Plaintiffs. [*Id.* at ¶ 72; 101.]

On April 19, 2024, Plaintiffs initiated the current lawsuit against BTD, SLPL, and another entity. [*See generally,* Doc. No. 1.] Specific to BTD, Plaintiffs allege that BTD's communications with Plaintiffs' counsel and BTD's assistance in the foreclosure action constitute violations of the FDCPA, the Minnesota Uniform Deceptive Trade Practices Act, the Minnesota Consumer Fraud Act, as well as malicious prosecution, fraud or intentional misrepresentation, negligent misrepresentation, and slander of title. [*See generally, id.*]

Plaintiffs attempt to assert the FDCPA theory against BTD on a class basis. [*Id.* at 106.] Plaintiffs' purport to represent a class of:

- All consumers in the State of Minnesota;

- To whom [BTD] sent correspondence;

- Attempting to collect a consumer debt;

- Which failed to include the notice required by 15 U.S.C. §1692(g), a "mini-*Miranda*" advising them that it was a debt collector and that anything they said could be used in a debt collection action as required by 15 U.S.C. § 1692e(11), or all necessary notices required under 12 CFR 1006.34; and

- Which letter was sent on or after a date one (1) year prior to filing of the action.

[*Id.*]

On June 6, 2023, BTD contemporaneously filed an answer, a motion to strike class allegations, and this motion to stay discovery.

3

**Argument**

I. **Legal Standard**

Federal Rule of Civil Procedure 26(c) allows a district court to stay discovery upon a showing of good cause. *See Villalobos v. United States*, No. 21-CV-2233 (NEB/JFD), 2022 WL 2452278, at *1 (D. Minn. July 6, 2022). "A court may only issue such an order, however, upon the movant's showing of good cause, including to avoid undue burden or expense." *TE Connectivity Networks, Inc. v. All Sys. Broadband, Inc.*, No. CIV. 13-1356 ADM/FLN, 2013 WL 4487505, at *1 (D. Minn. Aug. 20, 2013), (citing Fed. R. Civ. P. 26(c)).

"Additionally, federal courts have the inherent power to stay the proceedings of an action, so as to control the Court's docket, to conserve judicial resources, and to provide for the just determination of cases which pend before it." *Villalobos*, 2022 WL 2452278, at *1, (quoting *Kemp v. Tyson Seafood Grp., Inc.*, No. 5:96-CV-173 (JRT/RLE), 19 F.Supp. 2d 961, 964 (D. Minn. May 5, 1998)) (citations omitted). "Courts have broad discretion regarding decisions to stay proceedings." *Villalobos*, 2022 WL 2452278, at *1 (citing *Clinton v. Jones*, 520 U.S. 681, 706 (1997)).

When deciding whether to stay discovery, "[c]ourts use a balancing test to determine whether good cause exists, weighing the moving party's potential burden against the opposing party's interest in the discovery at issue." *Wells Fargo Ins. Servs. USA, Inc. v. Kyle King & Sherman Ins. Agency, Inc.*, No. 15-CV-4378 (PJS/HB), 2016 WL 6892108, at *3 (D. Minn. July 29, 2016).

Merely filing a dispositive motion does not generally constitute good cause to stay discovery. *TE Connectivity*, 2013 WL 4487505, at *2.

However, when a pending dispositive motion would "dispose of all or substantially all of the case, it 'appears to have substantial grounds,' and is 'not unfounded in the law,' courts have stayed discovery during the pendency of the motion." *See generally, In re CenturyLink Sales Pracs. & Sec. Litig.*, No. MDL172795MJDKMM, 2018 WL 2122869, at *1 (D. Minn. May 8, 2018), (quoting *Anti–Monopoly, Inc. v. Hasbro, Inc.*, No. 94CIV. 2120 (LMM)(AJP), 1996 WL 101277, at *4 (S.D.N.Y. Mar. 7, 1996)).

## II.  A Stay of Discovery Is Warranted for Good Cause

If granted, BTD's motion to strike class allegations will dispose of plaintiffs' entire class action claim against BTD. This constitutes good cause for staying discovery to avoid the undue burden and expense of conducting class discovery in a case that should proceed on an individual basis as against BTD.

No discovery is necessary for BTD's motion to strike class allegations, for Plaintiffs to respond to the motion, or for the Court to decide it.

If BTD's motion to strike class allegations is granted, the instant motion will avoid undue burden and expense and further judicial economy. Even if the motion to strike class allegations is denied, the parties and the Court will nonetheless benefit from a potential narrowing of issues in discovery to follow.

In short, good cause exists to stay discovery in this matter.

**Conclusion**

For the reasons set forth above, Defendant Brutlag, Trucke & Doherty, P.A. respectfully requests the Court grant its motion, thereby staying the entry of a pretrial order, discovery, or any other deadlines pending the Court's decision on BTD's motion to strike class allegations to avoid the undue burden and expense of potentially unnecessary discovery.

Respectfully submitted,

**BASSFORD REMELE**
*A Professional Association*

Dated: June 6, 2024		By: */s/ Patrick D. Newman*
			Patrick D. Newman (MN #395864)
			Kiralyn J. Locke (MN #403653)
			100 South Fifth Street, Suite 1500
			Minneapolis, MN  55402
			Telephone: (612) 333-3000
			Facsimile: (612) 333-8829
			Email: pnewman@bassford.com
			         klocke@bassford.com

			*Attorneys for Defendant*
			*Brutlag, Trucke & Doherty, P.A*