UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| James and Amanda Tjaden, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Brutlag, Trucke & Doherty, P.A., Spring Lake Park Lumber Co., and Perfekt, Inc.,<br><br>Defendants. | Civil No. 24-cv-1452 (KMM/DJF)<br><br>**ORDER** |

This matter is before the Court on Defendant Brutlag, Trucke & Doherty, P.A.'s ("BTD") Motion to Stay Discovery (ECF No. 19). On June 6, 2024, Defendant BTD moved to strike Plaintiffs' class allegations ("Motion to Strike") (ECF No. 15). Defendant BTD asks that "in the interests of preserving party and Court resources," the Court stay entry of a pretrial order, as well as the start of discovery or any other deadlines, pending the Court's ruling on its Motion to Strike (ECF No. 19). Plaintiffs did not respond to the Motion to Stay Discovery, but Defendant BTD filed a Meet and Confer Statement explaining that the parties were unable to reach an agreement with respect to BTD's request (ECF No. 22).

**I.      Background**

Plaintiffs filed a putative class action Complaint in this matter as on April 19, 2024 against Defendant BTD and two other entities for actual and statutory damages, reasonable attorney's fees, and costs against Defendants for alleged violations of the Minnesota Uniform Deceptive Trade Practices Act, Minn. Stat. § 325D.43, et seq.; the Consumer Fraud Act, Minn. Stat. § 325F.68, et seq.; and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("Complaint") (ECF No. 1). In its Motion to Strike, Defendant BTD asks that: (1) the class allegations asserted against BTD

be stricken from Plaintiffs' Complaint such that Plaintiffs may proceed as against BTD on an individual basis only; or (2) alternatively, the class allegations be dismissed for lack of subject-matter jurisdiction. (ECF No. 17 at 1-2.)

## II.     Legal Standard

Under the Federal Rules of Civil Procedure, a court may stay discovery upon a showing of good cause. Fed. R. Civ. P. 26(c); *TE Connectivity Networks Inc. v. All Systems Broadband, Inc.*, No. 13-cv-1356 (ADM/FLN), 2013 WL 4487505, at *1 (D. Minn. Aug. 20, 2013). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Cottrell v. Duke,* 737 F.3d 1238, 1248 (8th Cir. 2013) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)); *Kemp v. Tyson Seafood Group, Inc.*, 19 F. Supp. 2d 961, 964 (D. Minn. 1998)).

When evaluating whether a stay is appropriate, "[c]ourts use a balancing test to determine whether good cause exists, weighing the moving party's potential burden against the opposing party's interest in the discovery at issue." *Wells Fargo Ins. Servs. USA, Inc. v. Kyle King & Sherman Ins. Agency, Inc.,* No. 15-CV-4378 (PJS/HB), 2016 WL 6892108, at *3 (D. Minn. July 29, 2016).

Simply filing a dispositive motion does not generally constitute good cause to stay discovery. *TE Connectivity*, 2013 WL 4487505, at *2. But when a pending dispositive motion would "dispose of all or substantially all of the case, it 'appears to have substantial grounds,' and is 'not unfounded in the law,' courts have stayed discovery during the pendency of the motion." *See generally, In re CenturyLink Sales Pracs. & Sec. Litig.*, No. MDL172795 (MJD/KMM), 2018 WL 2122869, at *1 (D. Minn. May 8, 2018), (quoting *Anti–Monopoly, Inc. v. Hasbro, Inc.*, No. 94CIV. 2120 (LMM)(AJP), 1996 WL 101277, at *4 (S.D.N.Y. Mar. 7, 1996)).

### III. Analysis

Defendant BTD argues there is good cause to stay discovery to "avoid the undue burden and expense of conducting class discovery in a case that should proceed on an individual basis as against BTD." (ECF No. 21 at 5.) But even if granted, Defendant BTD's Motion only would dispose of the class allegations; it would not dispose of all, substantially all, or indeed any of the principal claims asserted in the case. The filing of BTD's Motion thus does not establish good cause to stay discovery. *See In re CenturyLink Sales Pracs. & Sec. Litig.*, 2018 WL 2122869, at *1. A stay is not appropriate for these reasons and the Court denies Defendant BTD's Motion to Stay Discovery accordingly. The Court will schedule a pretrial scheduling conference by separate Order.

### ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Brutlag, Trucke & Doherty, P.A.'s Motion to Stay Discovery (ECF No. [19]) is **DENIED**.

Dated: June 18, 2024

*s/ Dulce J. Foster*
DULCE J. FOSTER
United States Magistrate Judge