

June 6, 2025

The Honorable Kate M. Menendez  **Via ECF**
United States District Court
District of Minnesota
300 South Fourth Street
Minneapolis, MN  55415

Re: **Request for Leave to Bring Motion for Summary Judgment**
*Tjaden et al v. Brutlag, Trucke & Doherty, P.A. et al*
Court File No.: 0:24-cv-01452-KMM-DJF

Hon. Menendez:

I am counsel for Defendant Spring Lake Park Lumber Co. ("Spring Lake") in the above-captioned matter and am writing to you pursuant to Judge Foster's Pretrial Scheduling Order dated August 14, 2024, requesting leave to bring a Motion for Summary Judgment prior to the close of discovery.

The parties have been engaging in discovery and settlement efforts but have been unsuccessful and meaningful settlement discussions have stalled. It appears that the driving force of Plaintiffs' settlement demand to Spring Lake is an assumption that Spring Lake owes contractual defense and indemnity to Perfekt. Perfekt has asserted a crossclaim against Spring Lake for defense and indemnity under the terms and conditions Spring Lake agreed to when it hired Perfekt to draft the pre-lien notice and mechanic's lien that are at issue in this case. It is Spring Lake's position that the defense and indemnity language does not apply to the claims Plaintiffs have raised against Perfekt.

While fact discovery does not close until September 3, 2025, Spring Lake believes that motion practice is necessary at this time to determine as a matter of law the nature and extent of any contractual indemnity obligation that it may owe to Perfekt. This issue is narrow and one of a determination of law, not fact. The determination is based on the language of the terms and conditions in the retainer agreement and in the claims brought against Perfekt by Plaintiffs. The terms and conditions have been produced through discovery and no parties have requested any other information relevant to their interpretation. Ultimately, the issue is based solely on a legal interpretation as to the

France Place
3601 Minnesota Drive
Suite 450
Minneapolis, MN 55435

stichlaw.com
612 333 6251 p
612 333 1940 f

applicability of the defense and indemnity provision. There is no other information that may be obtained through discovery that the Court would need to adequately determine this issue, therefore, expedited summary judgment on this issue is appropriate.

The Court has broad discretion over scheduling matters. *Schwarz Pharma, Inc. v. Paddock Laboratories, Inc.*, No. CIV 05-832 ADM/AJM, 2005 WL 2122597, at *3 (D. Minn. Sept. 1, 2005). Spring Lake believes that its motion is of the type that would warrant deviation from the Court's pretrial scheduling order and permission to be heard prior to the close of discovery.

When judicial efficiency will be served, early summary judgment motions may be appropriate. *Kahsai v. DeJoy*, No. 20-cv-1060 (JRT/DJF), 2023 WL 2597056, at * 2 (D. Minn. March 22, 2023). Solving this issue at this early stage in the matter will serve judicial efficiency as it will solidify the extent of any contractual relationship between Spring Lake and Perfekt and give the parties the necessary information to move forward with resolving this matter. Until the parties know whether Spring Lake owes Perfekt defense and indemnity, resolution of this matter is extremely hindered as little movement in negotiations will occur. Spring Lake will be forced to incur unnecessary expenses and time waiting for discovery to end before it can get the answers needed to resolve this matter.

To be mindful of Court's time and resources, if the Court grants Spring Lake leave to bring its motion for summary judgment, Spring Lake is willing to waive oral argument and allow the Court to consider the motion on the briefs.

In an effort to motivate meaningful settlement discussions and resolution of this matter, I respectfully request that the Court grant Spring Lake leave to bring a Motion for Summy Judgment prior to the close of discovery.

Very truly yours,

*Cara C Passaro*

Cara C. Passaro
612-305-4552
cpassaro@stichlaw.com