UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| JAMES AND AMANDA TJADEN, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED,<br>    Plaintiffs,<br>v.<br><br>BRUTLAG, TRUCKE & DOHERTY, P.A., SPRING LAKE PARK LUMBER CO., AND PERFEKT, INC.,<br><br>    Defendants. | Case No.: 0:24-cv-01452-KMM-DJF<br><br>**SPRING LAKE PARK LUMBER CO.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT** |

## INTRODUCTION

This case arises out of the construction of a single-family home and a mechanic's lien filed by Defendant Spring Lake Park Lumber ("Spring Lake") against the Plaintiffs' property. Following a dispute over the validity of Spring Lake's mechanic's lien, Plaintiffs initiated the present matter. In response, Defendant Perfekt, Inc. ("Perfekt") filed a Cross-Claim against Spring Lake for contractual defense and indemnity. Perfekt's Cross-Claim against Spring Lake fails as a matter of law because Spring Lake's duty to defend and indemnify Perfekt only applies to liability for acts of negligence. Because no negligence-based claims have been asserted against Perfekt, Spring Lake has no obligation under its agreement with Perfekt to provide it with defense and indemnity. Additionally,

any attempt to seek indemnity for the intentional tort claims that have been asserted against Perfekt is against public policy and voids the indemnity clause. Therefore, summary judgment dismissing Perfekt's contractual indemnity Cross-Claim against Spring Lake is appropriate. [1]

## STATEMENT OF UNDISPUTED FACTS

**1.    The Construction Project**

Plaintiffs James and Amanda Tjaden ("Plaintiffs") entered into a contract with Renovation Concepts LLC, dba Kohaven ("Kohaven") to construct a single-family home at 16857 Guarani St. NW, Andover, MN 55304 (the "Property"). (Ex. A).[2] Kohaven hired subcontractors and material suppliers, including Defendant Spring Lake Park Lumber Co. ("Spring Lake") to provide labor and material for the project. Kohaven failed to pay its subcontractors and material suppliers, including Spring Lake, which was owed $16,701.94 for materials it had provided.

**2.    Mechanic's Lien**

After Kohaven failed to pay Spring Lake the remaining balance owed for the materials it supplied on the project, Spring Lake retained Defendant Perfekt,

---

[1] Spring Lake reserves the right to proceed with a motion for summary judgment as to the Plaintiffs' claims against it following the close of discovery. This early motion solely relates to the Perfekt Cross-Claim for contractual defense and indemnity.

[2] All exhibits referenced herein are attached to the Declaration of Cara C. Passaro

Inc. ("Perfekt") to draft and file a pre-lien notice. (Ex. B). Spring Lake provided Perfekt with the property address, the name of the general contractor, the type of project, and the lien amount. (*Id.*). The property address provided by Spring Lake was correctly listed as 16857 Guarani St. NW, Ramsey, MN. (*Id.*).

The pre-lien notice was mailed by Perfekt on December 22, 2022, via certified U.S. Mail to Plaintiffs. The pre-lien notice referenced the correct address of the Property as <u>16857</u> Guarani Street NW, Andover, MN. (Ex. D). However, the pre-lien notice was inadvertently mailed to <u>16587</u> Guarani Street NW, Andover, MN. (*Id.*). Spring Lake was not aware that the pre-lien notice was sent to the incorrect address until after it initiated its lien foreclosure matter against Plaintiffs.

On July 18, 2023, Spring Lake recorded a mechanic's lien against the Property with the office of the Anoka County Recorder. (Ex. E). Plaintiffs' attorney sent a letter to all subcontractors and suppliers of Kohaven on August 10, 2023, stating that Plaintiffs had paid Kohaven in full and that any mechanic's lien filed against the Property would be invalid. (Ex. F). On August 29, 2023, counsel for Spring Lake, Defendant Brutlag, Trucke & Doherty, P.A. ("Brutlag"), sent a letter to Plaintiffs' attorney in response stating that Spring Lake's mechanic's lien was valid and that they would pursue foreclosure of the lien if the matter was not timely resolved. (Ex. G). Plaintiffs' counsel maintained their position that the lien

3

was invalid. Spring Lake relied on Brutlag's legal advice that the lien was valid and moved forward with the foreclosure matter.

Shortly thereafter it was learned that the pre-lien notice was mailed by Perfekt to an incorrect address, and as a result, that the Plaintiffs were taking the position that the pre-lien notice was not valid, invalidating the Spring Lake mechanic's lien. On November 15, 2023, Spring Lake dismissed the mechanic's lien foreclosure matter without prejudice and discharged the notice of lis pendens. (Ex. H, I). Despite this, Plaintiffs filed the present matter against the Defendants.

**3.    Perfekt's Cross-Claim**

Following service of Plaintiffs' complaint, Perfekt filed an Answer and asserted a Cross-Claim against Spring Lake for defense and indemnity, relying on the terms and conditions agreed to by Spring Lake as part of the lien drafting retainer agreement. Perfekt claims that by agreeing to the terms and conditions, Spring Lake agreed to defend and indemnify Perfekt in any dispute that arises from the filing of the mechanic's lien and in the event Perfekt is sued for any reason related to the filing of the mechanic's lien. (Docket # 39, Perfekt Cross-Claim ¶ 9).

The terms and conditions state the following:

> I specifically indemnity Perfekt, Inc. for any misrepresentation made by me or my company, and/or any liability created by the filing of the submitted information. I agree to indemnify and defend Perfekt, Inc. in the event of any dispute that arises as a result of the filing of this lien, specifically including, but not limited to, indemnifying and defending Perfekt, Inc. in the event it is sued for any reason(s) related

4

to the filing of this lien by any party third party. The exculpatory clauses herein are strictly limited to the liability for acts of negligence.

(Ex. C). The terms and conditions explicitly limit Spring Lake's duty to defend and indemnify Perfekt to the liability for acts of negligence. There have been no negligence claims brought against Perfekt in this case. Therefore, any contractual defense and indemnity obligation that Spring Lake that might owe to Perfekt cannot be triggered in the present matter.

**ARGUMENT**

**I.   LEGAL STANDARDS**

Summary judgment is proper where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986). "Where the unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate." *Mansker v. TMG Life Ins. Co.*, 54 F.3d 1322, 1326 (8th Cir. 1995) (citation omitted). The United States Supreme Court has held that:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). "A material fact dispute is genuine if the evidence is sufficient to allow a reasonable jury to return a verdict for the non-moving party." *Landon v. Nw. Airlines, Inc.*, 72 F.3d 620, 624 (8th Cir. 1995). "[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Catrett*, 477 U.S. at 325. Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324. "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson*, 477 U.S. at 247–48.

**II.   SPRING LAKE DOES NOT OWE CONTRACTUAL DEFENSE AND INDEMNITY TO PERFEKT BECAUSE THE DEFENSE AND INDEMNITY PROVISION IS STRICTLY LIMITED TO LIABILITY FOR ACTS OF NEGLIGENCE.**

Contractual indemnity claims involve "not only interpreting the indemnity contract to determine its scope, but also evaluating whether the facts of the case fit within that scope." *In re RFC and RESCAP Liquidating Trust* Action, 332 F.Supp.3d 1101, 1129-30 (D. Minn. 2018). Clauses that exonerate a party from liability are strictly construed against the benefitted party. *Schlobohm v. Spa Petite, Inc.*, 326 N.W.2d 920, 923 (Minn. 1982). An indemnity clause is enforceable under strict

6

construction when it includes an express provision that indemnifies the indemnitee for liability occasioned by its own negligence, and when it fairly apprises the indemnitor, in clear and unequivocal language, that the provision made the indemnitor liable for claims against the indemnitee related to the indemnitee's own conduct. *Lund v. Calhoun Orange, Inc.*, 20 N.W.3d 871, 877 (Minn. 2025).

When Spring Lake retained Perfekt to draft and serve the pre-lien notice and accompanying mechanic's lien, Spring Lake was required to agree to Perfekt's terms and conditions in order to use Perfekt's services. (Ex. C). Included in the terms and conditions is the following provision:

> I specifically indemnity Perfekt, Inc. for any misrepresentation made by me or my company, and/or any liability created by the filing of the submitted information. I agree to indemnify and defend Perfekt, Inc. in the event of any dispute that arises as a result of the filing of this lien, specifically including, but not limited to, indemnifying and defending Perfekt, Inc. in the event it is sued for any reason(s) related to the filing of this lien by any party third party. <u>The exculpatory clauses herein are strictly limited to the liability for acts of negligence.</u>

(*Id.*) (emphasis added).

Before Perfekt could draft the pre-lien notice, Spring Lake had to provide specific information, including the address of the subject property. Spring Lake provided the correct address for the Property. (Ex. B). No misrepresentations were made by Spring Lake in supplying Perfekt with the information needed for the

pre-lien notice. Ultimately, the pre-lien notice was mailed by Perfekt to the wrong address, which had nothing to do with any acts by Spring Lake.

Plaintiffs' claims against Perfekt include: (1) violation of the Fair Debt Collection Practices Act, (2) violation of the Minnesota Uniform Deceptive Trade Practices Act, (3) violation of the Minnesota Consumer Fraud Act, (4) malicious prosecution, (5) fraud/intentional misrepresentation, (6) negligent misrepresentation, and (6) slander of title. The claims against Perfekt involve intentional torts and fraud.

While Perfekt may try to argue that negligent misrepresentation is a negligence claim, but Minnesota case law clearly states that negligent misrepresentation is a form of fraud. "Under Minnesota law, any allegation of misrepresentation, whether labeled as a claim of fraudulent misrepresentation or negligent misrepresentation, is considered an allegation of fraud." *Trooien v. Mansour*, 608 F.3d 1020, 1028 (8th Cir. 2010); *See also Williams v. Tweed*, 520 N.W.2d 515, 517 (Minn. Ct. App. 1994) ("Three types of misrepresentations fall under this broad category of fraud: reckless misrepresentation, negligent misrepresentation, and deceit."); *North American Specialty Ins. Co. v. Wipfli, LLP*, 2013 WL 3871438 at * 4 (D. Minn. July 26, 2013) ("Negligent misrepresentation claims are considered a species of fraud.") (citing *Hardin County Sav. Bank v. Housing and Redevelopment*

8

*Authority of City of Brainard*, 821 N.W.2d 184, 191 (Minn. 2012)). The elements of negligent misrepresentation are:

> (1) the supply of false information to another person in order to guide that person in his or her own business transactions; (2) failure to use reasonable care or competence in obtaining the information or communicating the information to the other person; (3) justifiable reliance by the other person on the information; and (4) financial harm as a result of that reliance.

*OmegaGenesis Corp. v. Mayo Foundation for Medical Educ. And Research*, 132 F.Supp.3d 1119, 1125 (D. Minn. 2015). The only difference in the elements of fraudulent misrepresentation and negligent misrepresentation is the required state of mind. *Trooien*, 608 F.3d at 1028. Therefore the Plaintiffs' negligent misrepresentation claim against Perfekt sounds in fraud.

Perfekt claims in its Cross-Claim that:

> Spring Lake agreed to defend and indemnify Perfekt in the event of any dispute that arises from the filing of the above-referenced mechanic's lien in connection with the Property. In addition, [Spring Lake] agreed to defend and indemnify Perfekt in the event Perfekt is sued for any reasons related to the filing of the above-referenced mechanic's lien by any third party in connection with the Project.

(Perfekt Cross-Claim ¶ 9). However, as Perfekt is the benefitted party, the defense and indemnity clause is strictly construed against it. *Schlobohm*, 326 N.W.2d at 923. Indemnity clauses "must use specific, express language that clearly and unequivocally states the contracting parties' intent." *Justice v. Marvel,* LLC, 979 N.W.2d 894, 899 (Minn. 2022). The terms and conditions explicitly state "[t]he

9

exculpatory clauses herein are strictly limited to the liability for acts of negligence." (Ex. C).[3] The language clearly and unequivocally states that the intent of the parties is to limit liability to the acts of negligence. Spring Lake's contractual obligation to defend and indemnify Perfekt is limited to the liability for acts of negligence. (Ex. C). There are no negligence-based claims being made against Perfekt in this matter. While Perkeft may attempt to argue that the negligent misrepresentation claim triggers Spring Lake's duty to defend, as set forth above, Minnesota case law clearly states that negligent misrepresentation is a fraud-based claim. This fraud-based claim does not invoke the defense and indemnity provision in the retainer agreement between Perfekt and Spring Lake. Without a claim of negligence against Perfekt, Spring Lake owes no duty to defend and indemnify Perfekt.

Perfekt may also attempt to argue that because Plaintiff's FDCPA claim against Perfekt does not require a finding of intentional conduct, any alleged negligence by Perfekt under this claim triggers the defense and indemnity provision. However, a claim under the Federal Debt Collection Practices Act is a strict liability claim. 15 U.S.C. § 1692e(2)(A) creates strict liability and a plaintiff

---

[3] While the language limiting liability to negligence refers to the exculpatory clause, and the preceding language resembles indemnity clauses, it should be interpreted to relate to the preceding clause as there are no other references in the terms and conditions to exculpatory clauses.

10

only needs to show that the defendant made a false representation of the character, amount, or legal status of any debt. *Engelby v. I.C. System, Inc.* No. 17-CV-0296 (PJS/FLN), 2018 WL 1514246, at *3 (D. Minn. Mar. 27, 2018). While it is not required that the defendant knew that the representation was false, a plaintiff is not required to prove negligence. It does not matter whether the defendant's action was intentional or negligent, it only matters that they made the representation about the character, amount, or legal status of any debt, and that the representation was false. A defendant may be able to escape liability under the FDCPA by a showing of bona fide error. *Gallagher v. Gurstel, Staloch & Chargo, P.A.*, 645 F.Supp.2d 795, 803 (D. Minn. 2009). However, this exception does not change the strict liability nature of the claim itself. Because a finding of negligence has no impact on a plaintiff's ability to succeed on a FDCPA claim, it is not a negligence based claim and does not trigger the defense and indemnity provision in the retainer agreement.

As the terms and conditions explicitly limit the exculpatory clauses to claims of negligence, Spring Lake is not required to defend and indemnify Perfekt as the claims asserted by the Plaintiffs against Perfekt do not include negligence. Therefore, summary judgment is appropriate and Perfekt's Cross-Claim against Spring Lake should be dismissed with prejudice.

**III. SPRING LAKE DOES NOT OWE CONTRACTUAL DEFENSE AND INDEMNITY TO PERFEKT BECAUSE CONTRACTUAL PROVISIONS**

**THAT PURPORT TO RELEASE THE BENEFITTED PARTY FROM LIABILITY FOR INTENTIONAL, WILLFUL OR WANTON ACTS ARE VOID AND UNENFORCEABLE.**

Even without the language in the defense and indemnity provision limiting any obligation to indemnify to claims sounding in negligence, Perfekt still could not claim entitlement to contractual defense and indemnity from Spring Lake because Perfekt cannot shield itself from liability for its intentional acts. Minnesota law disfavors exculpatory and indemnification clauses. *Schlobohm*, 326 N.W.2d at 923; *Dewitt v. London Road Rental Center, Inc.*, 910 N.W.2d 412, 419 (Minn. 2018). Indemnification clauses are "enforceable if the clause (1) is not ambiguous; (2) does not release intentional, willful, and wanton acts; and (3) does not violate public policy." *ACLU of Minn. v. Tarek ibn Ziyad Acad.*, 788 F.Supp.2d 950, 967-68 (D. Minn. 2011). Under strict construction, contractual provisions that "purport[] to release the benefited party from liability for intentional, willful or wanton acts" are void and unenforceable. *Schlobohm*, 326 N.W.2d at 923.

Perfekt may attempt to argue that the language limiting liability to acts of negligence relates to Perfekt's liability to Spring Lake and not Spring Lake's duty to indemnify Perfekt for claims brought by a third party. However, even if this is true, and the indemnity provision is intended to apply to the intentional acts of Perfekt, that renders the indemnity provision void and unenforceable. Courts have

determined that provisions purporting to release the benefitted party from liability for intentional acts are void.

When Spring Lake agreed to the terms and conditions, it could not have understood the terms to require defense and indemnity for intentional acts of Perfekt. Allowing an indemnity clause to protect the benefitted party from liability for their intentional acts would be unconscionable. Benefitted parties would be given a green light to engage in acts that otherwise would open them up to liability on the premise that the other party will unconditionally shield them from this liability. Spring Lake did not misrepresent any information it gave to Perfekt to draft the pre-lien notice. It gave the correct address and reasonably believed that it had a valid mechanic's lien. Unfortunately, an error occurred in the service of the pre-lien notice. This was not due to the negligence of or any misrepresentations of Spring Lake.

Additionally, the present claims against Perfekt do not allege any negligence on the part of Perfekt relating to this error. Rather, all the claims allege intentional acts on the part of Perfekt. Holding Spring Lake liable for claims of intentional acts of Perfekt unconscionably shifts liability to an innocent party who had no way to prevent the error that sparked the present matter. This goes against public policy and sets a dangerous precedent for those not benefitted by contractual indemnity provisions.

## CONCLUSION

For the foregoing reasons, Spring Lake respectfully requests that the Court enter an order granting summary judgment dismissing Perfekt's contractual indemnity and defense Cross-Claim against Spring Lake on the merits and with prejudice.

Dated:  July 18, 2025             *STICH ANGELL P.A.*

By: s/ Cara C. Passaro
    Cara C. Passaro, 312587
France Place
3601 Minnesota Drive
Suite 450
Minneapolis, MN 55435
612-333-6251
cpassaro@stichlaw.com

*Attorneys for Defendant Spring Lake Park Lumber Co.*